UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**CIVIL ACTION NO. 12-288-C**

**RICHARD SCHARDEIN, ADMINISTRATOR**
**FOR THE ESTATE OF BENJAMIN KOIER,**                                    **PLAINTIFF,**

**V.**              <u>**MEMORANDUM OPINION AND ORDER**</u>

**STATE AUTOMOBILE INSURANCE COMPANY,**                    **DEFENDANT.**

\* \* \* \* \* \* \* \* \*

This matter is before the court on Richard Shardein's motion for summary judgment (R. 13), filed on behalf of the Estate of Benjamin Koier. Because Kentucky law applies to the insurance policy at issue in this case under Kentucky's public-policy exception to its traditional conflicts-of-law analysis, the court will grant the motion.

On June 26, 2011, Benjamin Koier, a 19-year-old Kentucky-licensed driver, was traveling on Taylorsville Road in Louisville, Kentucky. His vehicle was struck by another, driven by Melissa Graham, that crossed the center line while going the opposite way. Both Benjamin Koier and Melissa Graham were killed in the collision. Richard Schardein was appointed as Administrator of the Estate of Benjamin Koier and initiated a liability claim against Graham's estate. That claim settled, with the knowledge and consent of the defendant, State Auto, for the limits of the liability insurance applicable to Graham's vehicle.

The Estate subsequently moved against the uninsured motorist ("UIM") policies of Benjamin's mother, a Kentucky resident insured by Cincinnati Insurance

1

Company, and Benjamin's father, an Indiana resident insured by State Auto. The Estate settled its UIM claim against Cincinnati Insurance, and the Estate's claim against State Auto remains the only controversy in this action.

State Auto issued an insurance policy to Jeff and Terry Koier, who reside in Georgetown, Indiana. The two specific vehicles insured on the policy were garaged in Indiana, and neither of those vehicles was involved in the collision; however, under the policy's UIM coverage endorsement, Benjamin Koier was an "insured" as a "family member." In response to the Estate's claim against State Auto, the latter paid the Estate $150,000.00. The company believed this amount was its limit of UIM liability to the Estate under the policy as interpreted under Indiana law, taking into account the policy's "anti-stacking" provision, which limits UIM liability to the amount listed in the schedule of declarations, regardless of the number of vehicles or premiums shown in the schedule of declarations, and the "set-off" provision, which reduces the UIM coverage limits by all other sums paid.

The Estate filed a declaratory judgment action in Jefferson Circuit Court in Kentucky, asserting that these provisions violate Kentucky public policy and are therefore unenforceable. State Auto removed the action to this court, and the parties agree that no genuine disputes of material fact exist and that this matter is an issue of law for resolution by the court.

The only question before the court is whether Kentucky's public-policy exception to its traditional conflicts-of-law analysis applies to the instant case. The Estate concedes that the relief it seeks is not available under Indiana law, and State

Auto concedes through its lack of argument on the issue that the relief the Estate seeks would be required under Kentucky law. The court looks to Kentucky's conflicts-of-law rules to determine the substantive law that applies. *See Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 566 (6th Cir. 2001). Under Kentucky law, the law of the state with the most significant relationship to the transaction and the parties applies, *see Lewis v. Am. Family Ins. Grp.*, 555 S.W.2d 579, 581-82 (Ky. 1977), and the Estate conceded that "[u]nder a traditional choice of laws analysis [under Kentucky law], Indiana law would apply." R. 13-1 at 7. However, Kentucky courts do not "apply the law of another state if that state's law violates a public policy as declared by the Kentucky legislature or courts." *State Farm Mut. Auto. Ins. Co. v. Marley*, 151 S.W.3d 33, 35 (Ky. 2004).

Kentucky's public-policy exception to its traditional conflicts-of-law analysis applies under these circumstances. Though the named policyholders, Jeff and Terry Koier, are Indiana residents, Jeff Koier's son Benjamin was a resident of Kentucky, and his Estate is entitled to the protection of Kentucky's laws. As both "anti-stacking" provisions and "set-off" provisions are contrary to Kentucky public policy, *see Allstate Ins. Co. v. Dicke*, 862 S.W.2d 327, 328 (Ky. 1993); *Philadelphia Indemnity Ins. Co. v. Morris*, 990 S.W.2d 621, 626-27 (Ky. 1999), the *Marley* public-policy exception applies under these circumstances.

In contrast, in *Lewis v. State Farm Mut. Auto. Ins. Co.*, CIV.A. 2011-85 WOB, 2012 WL 2414044 (E.D. Ky. June 26, 2012), the court declined to apply Kentucky's public-policy exception to an Ohio UIM policy, because the application

of Ohio law in that case "[did] not 'violate any public policy of Kentucky because such would not deny benefits to a Kentucky resident who would otherwise be entitled to them under [Kentucky] law; and Kentucky has no interest in applying [Kentucky] public policy to provide benefits to [Ohio] residents who would not be entitled to them under [Ohio] law.'" *Id*. (citing *Marley* at 42 (Cooper, J., dissenting). The inverse of that reasoning applies in this case – because Benjamin Koier was a Kentucky resident, he is entitled to the benefits of Kentucky law even though he was insured by an Indiana resident on an Indiana-issued policy.

Though *Marley* does not discuss UIM benefits, instead holding specifically that a household exclusion clause in a personal liability umbrella policy as applied to automobile liability was unenforceable because it violated Kentucky public policy, this is an immaterial distinction. *Marley* provides broadly that Kentucky law applies, even when a traditional conflicts-of-law analysis would dictate otherwise, where the application of the law of another state would violate Kentucky public policy, and the specifics of what the *Marley* court held to be a violation of public policy do not limit its application in other circumstances. *See* 151 S.W.3d at 35. As both "anti-stacking" and "set-off" provisions such as those implemented in the instant UIM policy are contrary to Kentucky public policy, the exception from *Marley* applies.

In *Poore v. Nationwide Mutual Ins. Co.*, 208 S.W.3d 269 (Ky. Ct. App. 2006), the only post-*Marley* case cited by the parties, the insured lived in Indiana and was issued an insurance policy in Indiana, but perished in a motor vehicle

4

accident in Kentucky. The Court of Appeals did not discuss *Marley* in finding that Indiana law applied, citing instead *Lewis* and subsequent cases that employ the "most significant relationship" test. The circumstances in *Poore* differ by the significant fact that in the instant case, the driver of the vehicle was a Kentucky resident insured on his father's Indiana policy. *Poore* is thus distinguishable from both *Marley* and the instant case.

Under the public-policy exception to Kentucky's traditional conflicts-of-law analysis, Kentucky law applies to the facts of this case. As there is no genuine dispute as to any material fact, the Estate is therefore entitled to judgment as a matter of law. Accordingly,

**IT IS ORDERED** that the Estate's motion for summary judgment (R. 13) is **GRANTED**.

A separate judgment will issue.

Signed on December 20, 2012

Jennifer B. Coffman, Judge
United States District Court